# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUMILLO TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-98J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants (Doc. 21) be granted.

### II. REPORT

Rumillo Torres ("Torres" or "Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Cresson, Pennsylvania. Torres alleges that he has been denied transfer to another institution within the Pennsylvania Department of Corrections. More specifically, Torres alleges that "the unit management team here at S.C.I. Cresson became very prejudice[d] . . . and discriminating" toward him and that he was "led to believe" that he would be transferred to another institution, but was not (Doc. 1, p. 1). Torres filed grievances concerning the alleged discrimination, but the grievances were denied (Doc. 1, p. 2). Torres alleges that this has caused him fear, anxiety and mental anguish (Doc. 1, p. 3). He asserts Defendants have denied him due process, and that the refusal to transfer him amounts to cruel and unusual punishment (Id.).

Defendants have filed a motion to dismiss (Doc. 21) and Plaintiff has responded (Doc. 25). The motion is ripe for disposition.

A. **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974.

Torres seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

B. **Analysis.**

Torres initially asserts a denial of due process, and he appears to allege that this has occurred both with respect to the decision not to transfer him to another institution, and in the manner in which his grievances were addressed by prison authorities. Torres, in order to state a due process claim, must first set out facts that demonstrate that he had a protected liberty interest that was impaired by the Defendants' actions. Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). Once the Court determines that the interest asserted is protected

by the Due Process Clause, the question then becomes what process is due to protect it. Morrissey, 408 U.S. at 481.

"The Constitution does not . . . guarantee that [a] convicted prisoner will be placed in any particular prison." Meachum v. Fano, 427 U.S. 215, 224 (1976). This is so because the prisoner's "conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons." Id. (emphasis in original). Plaintiff's claim concerning the decision to deny him a transfer to another penal institution necessarily fails, therefore, because he has no liberty interest in serving his sentence in any specific facility.

Likewise, Plaintiff's complaints concerning the treatment of his grievances do not state a due process claim. Prisoners do not possess a due process right to file a grievance, nor does the creation of such a procedure by the State create any federal constitutional rights. Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa. 1997), aff'd 142 F.3d 430 (3d Cir. 1998).

Torres also asserts that Defendants have violated the Eighth Amendment's prohibition on cruel and unusual punishment. In this respect, Plaintiff must allege both that he has been denied "the minimal civilized measure of life's necessities" and that this was done while the Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff makes no allegations concerning any of life's necessities that he has been denied due to the failure to transfer him to another institution. Indeed, it would appear that the only thing Torres has been denied is his own personal preference of penal institution. This does not state a claim for cruel and unusual punishment.

Finally, and although he makes no such explicit claim, Plaintiff's allegations may reasonably be read as an attempt to assert that he has been subjected to unconstitutional retaliation. "Retaliation for the exercise of constitutionally protected rights is itself a violation of

rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). However, to state a *prima facie* case of retaliation, a prisoner must demonstrate:

> 1) the conduct in which he was engaged was constitutionally protected;
> 2) he suffered adverse action at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir.2002) (internal citation and quotation omitted). Here, Torres fails to allege that he engaged in constitutionally protected conduct, or that any such conduct was a substantial or motivating factor in the decision to deny him a transfer. Hence, to the extent that Plaintiff is attempting to state a claim for retaliation, it also fails, and should be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendants (Doc. 21) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this report and recommendation shall be filed on or before May 8, 2009. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

Date: April 21, 2009
cc:
**RUMILLIO TORRES**
EE-3313
SCI Cresson
P.O. Box A
Cresson, PA 16699-0001